IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| FIFTEENTH AVENUE CHURCH OF CHRIST, | ) ) |
| Plaintiff, | ) JURY DEMAND ) ) Case No. 15C1516 |
| v. | ) ) |
| GUIDEONE ELITE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **FIFTEENTH AVENUE CHURCH OF CHRIST**, for this Complaint against the Defendant, **GUIDEONE ELITE INSURANCE COMPANY**, ("Defendant"), would respectfully show and allege to the Court as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, FIFTEENTH AVENUE CHURCH OF CHRIST, own the property located at 2129 15th Avenue North, Nashville, TN 37208.

2. Defendant, GUIDEONE ELITE INSURANCE COMPANY, is a for-profit foreign insurance company authorized to engage in, and does engage in, the sale and delivery of property insurance within the State of Tennessee. The registered agent for service of process of GUIDEONE ELITE INSURANCE COMPANY is the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee, 37243.

1

EXHIBIT A

3. Plaintiff's claim for relief arises from a covered loss to their property located at 2129 15th Avenue North, Nashville, TN 37208 (the "Property"). Venue is proper pursuant to Tenn. Code Ann. § 20-4-103.

## FACTS

4. At all times material hereto, Plaintiff has been the owner of the Property.

5. Plaintiff renewed or procured a policy of insurance, policy number 001194498 ("Policy"), from Defendant covering the above-referenced property. The Policy has been requested from Defendant, but Defendant has heretofor refused to provide a copy. It will be provided during discovery.

6. In consideration of monies paid by Plaintiff to Defendant, the "all-risk" Policy was issued, insuring the Plaintiff's property against all risks which are not excluded, including sinkholes. The insurance policy provided dwelling insurance coverage, in addition to other coverages.

7. Defendant cannot reasonably rely on any conditions contained within the Policy until a certified Policy is provided.

8. Plaintiff has renewed the Policy each and every year and has paid all premiums due thereunder and otherwise met all conditions of coverage thereunder.

9. On or about March 28, 2014, while the Policy was in full force and effect, the dwelling located on the Property was damaged by a covered peril.

10. A notice of loss and damages was properly and promptly given by Plaintiff to Defendant in accordance with the terms of the Policy.

11. Plaintiff has fulfilled all of the duties after the Loss that were imposed upon by the Policy.

EXHIBIT A

12. Without consulting Plaintiff in its choice of engineer, Defendant sent Donan Engineering Co., Inc., ("Donan") to Plaintiff's Property who denied the damage to the Property was caused by sinkhole activity.

13. Given concerns with the propriety of Donan's testing and report, as adopted by Defendant, Plaintiff retained the services of Plaintiff's own geotechnical engineering firm to conduct a review of this matter.

14. Upon information and belief, the geotechnical engineering firm retained by Defendant, Donan, failed to comply with standard geotechnical engineering practices and procedures in completing its inspection, testing, and evaluation of the damages to Plaintiff's Property.

15. Defendant has taken the position that the damage to the Property consistent with sinkhole activity was not caused in fact by sinkhole activity on the Property.

16. On or about June 16, 2014, Defendant sent correspondence denying Plaintiff's claim based on the Donan report.

17. On or about March 10, 2015, Plaintiff, through counsel, sent a Formal Demand to Defendant requesting that Defendant consider all of the evidence in order to make an informed decision concerning the Plaintiff's Property and the claim and that the full amount be paid. Attached hereto as **Exhibit B.**

18. Plaintiff has complied fully with all of the provisions of the Policy, but Defendant has declined or refused to make payment to Plaintiff for the loss and damage sustained. Defendant's refusal to promptly and fully pay Plaintiff the amounts owed as a result of the Loss is without justification.

3

Case 3:16-cv-02505 Document 1-1 Filed 09/21/16 Page 3 of 6 PageID #: 7

EXHIBIT A

19. Defendant's refusal to pay the money and benefits due and owing Plaintiff under the Policy has caused Plaintiff to seek legal counsel and pay them a reasonable fee for their services, and to initiate this Complaint to recover the insurance proceeds and/or other Policy benefits to which they are entitled.

## BREACH OF CONTRACT

20. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

21. The Policy issued by Defendant to Plaintiff is a binding contract, and is supported by valid consideration.

22. Defendant is in total material breach of the Policy, and Defendant is liable to Plaintiff in the maximum amount allowed by the Policy for the covered damage caused to the Property. Specifically, Defendant's breach of contract includes its failure and refusal to pay all amounts owed to Plaintiff for the damage to the Property and its failure and refusal to pay all amounts owed to Plaintiff for all benefits due under the Policy. Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim.

23. As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy. Defendant owes Plaintiff prejudgment interest, expert fees, costs, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, an amount equal to such limits for the total constructive loss.

24. Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins.*

EXHIBIT A

*Exchange*, 2013 Tenn. App. LEXIS 712, *47 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to properly investigate the Property as required under the Policy and state statute; (2) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (3) unjustly refused and/or failed to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of this claim; (5) failed to investigate the Plaintiff's claim in a prompt and thorough manner; (6) represented to its insured that exclusionary language contained in the Policy excluded coverage of the claim, when the Defendant knew or should have known that it did not exclude coverage and (7) engaged in such acts as are set forth in paragraphs 26 and 27 below. Plaintiff seeks, and is entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that this Honorable Court award a judgment to Plaintiff as follows:

A. For compensatory damages against Defendant not to exceed $3,00,000.00;

B. For the statutory bad faith penalty not to exceed 25% of Plaintiff's claim under the Policy;

C. For all costs incurred by Plaintiff as a result of this action;

D. For pre- and post-judgment interest; and

E. For such other further and general relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury of twelve (12) persons to try all issues so triable in this matter and such further and general relief to which Plaintiff may be entitled.

Respectfully submitted,

5

EXHIBIT A

By: Thomas W. Thompson
    *Smith, Kling & Thompson, P.A.*
    Thomas W. Thompson, Esquire
    thompson@smithkling.com
    BPR: 030659
    4725 North Lois Avenue
    Tampa, Florida 33614-7046
    Telephone:  (813) 254-1800
    Facsimile:  (813) 254-1844
    Attorney for Plaintiff

EXHIBIT A